UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| MICHAEL DWAYNE ENGLISH, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CIVIL NO. 2:15cv68 |
| LORENZO DAVIS, | ) |  |
| Defendant. | ) |  |

OPINION AND ORDER

This matter is before the court on a motion for summary judgment filed by the defendant, Lorenzo Davis ("Davis"), on December 12, 2016. The plaintiff, Michael Dwayne English ("English"), proceeding *pro se*, filed his response on January 3, 2017, to which Davis replied on January 12, 2017.

Also before the court is a motion to strike portions of English's Declaration, filed by Davis on January 12, 2017. English has not responded to the motion to strike.

Summary Judgment

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties precludes summary judgment, however, since "[o]nly disputes over facts that might affect the outcome of the suit under the governing law" warrant a trial. Id. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in

that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

<u>Discussion</u>

On February 24, 2015, English filed a *pro se* prisoner complaint against Davis, a Gary police officer, and the City of Gary. [DE 1] On March 12, 2015, the case was dismissed without prejudice. On March 26, 2015, the court vacated the dismissal order and provided English up until April 30, 2015 in which to file an amended complaint. [DE 11].

On April 30, 2015, English filed an Amended Pro Se Prisoner Complaint against Davis, the Gary Police Department, the City of Gary and Prosecutor Monica Rogina. [DE 14]. English claimed that he was denied due process because Davis allegedly maliciously coerced Tatiana Gant to testify that English was involved in a murder that occurred on June 15, 2005.

English's Amended Complaint also alleges theories of relief which include the following: violation of 42 U.S.C. §1983; failure to protect and prevent (by inadequate training); malicious prosecution; malicious process; abuse of process; negligence; intentional and negligent infliction of emotional distress; false arrest; false imprisonment; defamation of character; professional misconduct; cruel and unusual punishment; and various constitutional violations. English correctly alleged that Davis was a Gary Police officer. However, English did not file a Tort Claims Notice as required by I.C. 34-13-3-8. On May 4, 2015, the court dismissed claims against all the other Defendants, but allowed English's case to proceed against Davis. On May 2, 2016, Davis filed an answer with the court. [DE 40]

English's Amended Complaint alleged that on January 31, 2013, Davis charged him with murder related to an offense that took place on June 6, 2005, but that he was never mentioned as a suspect in the offense. The Gary Police reports produced to English in discovery show that two Gary police officers, Detective Nielsen and Davis, arrested English on an active Tippecanoe County Warrant, and an active Lake County Warrant for murder. The warrant was issued by Judge Stefaniak, of Lake County.

English claimed that Davis was "malevolent" towards English for personal reasons and that Davis coached and coerced Tatiana Gant to give false testimony and/or a statement. On September 9, 2016, Davis served a Request for Production of Documents on English. Davis requested English to produce the following: (1) Any and all documents that support that Ms. T. Gant confessed to being coached or coerced by Lorenzo Davis; (2) Any and all documents that support any contention that Defendant, Lorenzo Davis engaged in witness tampering; and (3) Any and all documents relating to or supporting any of the factual allegations contained in English's Complaint.

To date, English has not responded to Davis' request to produce documents to support the allegations made in his Amended Complaint. In contrast, Davis has responded to discovery served by English and has provided the following information under oath: (1) The FBI and the Gary Police Department were involved in English's case and no one advised Davis to stop his investigation of English nor was he cited for any ethics violations; (2) Davis has been involved in more than 200 murder cases and all of his arrests have been with probable cause; (3) Davis had probable cause to arrest English; (4) Davis does not make the decision whether to prosecute an individual after being charged; (5) The arrest of English was with probable cause and Davis does

3

not know English personally; and (6) Davis was not aware of what English was exposed to while in the Lake County Jail.

In support of his motion for summary judgment, Davis first argues that English's state law claims are barred because he failed to comply with the Indiana Tort Claims Act as well as the applicable two-year statute of limitations for tort claims. Under Indiana law, a tort claim against a political subdivision is barred unless notice is filed with the governing body of the political subdivision and the subdivision's risk management commission within 180 days after the loss occurs. *VanValkenburg v. Warner*, 602 N.E.2d 1046 (Ind. Ct. App. 1992); *See* I.C. 34-13-3-8. The Notice of Tort Claim requirement applies not only to political subdivisions, but also to employees of political subdivisions as well. *VanValkenburg*, 602 N.E.2d at 1048. Furthermore, an action for injury to a person or character must be commenced within two years after the cause of action accrues. *See* I.C. 34-11-2-4.

In the present case, English's Amended Complaint is based on an arrest by Davis that occurred on January 31, 2013. Davis arrested English in his capacity as a police officer for the Gary Police Department. Like in the *VanValkenburg* case, the Notice of Tort Claim requirements would not only apply to the City of Gary, but to its employees – i.e. Officer Davis. Davis argues that there is no evidence that English filed the appropriate Notice of Tort Claim with respect to Davis.

In English's Response to the Davis' Motion for Summary Judgment, English has failed to allege admissible evidence to show he complied with the Indiana Tort Claims Act. In the case of an incarcerated claimant, such as English, the doctrine of substantial compliance should govern, and thus compliance with the statutory notice requirements should be determined on a case by

case basis. *McGill v. Indiana Dep't of Correction*, 636 N.E.2d 199, 204 (Ind. Ct. App. 1994). If a claimant has made a good faith effort to comply with the notice requirements and the purpose of the notice requirement has been satisfied, any delays caused by his status as prisoner should permit the court to grant an exemption from a strict application of the statutory deadline. *McGill v. Indiana Dep't of Correction*, 636 N.E.2d at 204.

In *McGill*, the Plaintiff, an inmate, was injured while mowing the lawn at the Indiana Youth Center on June 3, 1992. *Id*. at 201. In November, 1992, McGill prepared his notices of tort claim, which are required by the Indiana Tort Claims Act to be filed within 180 days of the injury. *Id.* Plaintiff signed up to go to the law library, on November 27, 1992, in order to mail the notices, but the library was closed. *Id.* On Monday, November 30, 1992, the 180th day following the injury, Plaintiff again tried to use the law library, but it was again closed. *Id*. However, Plaintiff was able to give the notices to an Indiana Youth Center law library worker, who mailed the notices that afternoon. *Id*. The notices were postmarked December 1, 1992, and were received by the Defendants on December 2, 1992 and December 3, 1992, respectively. The court found that Plaintiff substantially complied with the notice requirement because had the law librarians been present on November 27 and 30, 1992, the Plaintiff would have complied with the notice requirement. *Id*. at 204. Therefore, the court permitted a notice deadline exemption. *Id.*

In English's Response in the present case, English states that he attached a letter to his response. This letter, dated July 7, 2013, was addressed to the Clerk's Office and stated that English was filing a civil claim against Davis. The letter further stated that English was filing a false arrest claim first and would file the rest of his claims at a later date. The letter then stated that English was arrested on January 31, 2013 for murder and the murder charge was dismissed

on March 28, 2013. English stated that he would be able to give Davis proper notification if he could get the cause number from the Clerk's Office. In English's Response, he claimed that the letter served as notice to the Davis.

In the present case, unlike the situation in *McGill,* English did not send notice directly to the Davis, but to the Clerk's Office. Also, English failed to provide any evidence that he did indeed receive the cause number and in turn gave notice to the Defendant of the state law tort claims. Unlike in *McGill*, where the plaintiff proffered evidence showing the steps he took in order to comply with the Indiana Tort Claims Act, English simply attached a letter to his Response Brief which does not show that Davis ever received any notice of the state tort law claims that were filed against him.

"[I]t is settled law that the Indiana Tort Claims Act shields a government employee from liability for tortious conduct if the employee was acting within the scope of his ... duties." *Pinkney v. Thomas*, 583 F. Supp. 2d 970, 979 (N.D. Ind. 2008). "[C]onduct ... of the same general nature as that authorized, or incidental to the conduct authorized," is within the employee's scope of employment. *Pinkney v. Thomas*, 583 F. Supp. 2d at 980.

In his Response, English claimed that he did not have to abide by the notice requirements because Davis' alleged acts of manufacturing false evidence and coercing witnesses were outside the scope of his employment as a police officer. However, English has not proffered any evidence supporting his allegations. In contrast, Davis produced Gary Police reports which showed that Davis arrested English on an active Tippecanoe County Warrant, and on an active Lake County Warrant for murder. Moreover, Davis proffered evidence that English's arrest was with probable cause. Because arresting a perpetrator on active warrants is within a police

officer's scope of employment, Davis is protected under the Indiana Tort Claims Act.

It appears that English has not substantially complied with the notice requirements of the Indiana Tort Claims Act. However, in an abundance of caution, because English is a *pro se* prisoner, the court will give English additional time to present evidence that he has complied with the Indiana Tort Claims Act by showing that he timely informed Davis of the state law claims against him. In the absence of such evidence, the court will have no choice but to dismiss the state law claims.

Davis argues that, In any event, all of English's state law claims are barred by the two-year statute of limitations. An action for injury to a person or character must be commenced within two years after the cause of action accrues. *See* I.C. 34-11-2-4. In the present case, the two-year deadline for English to file his lawsuit would have been January 31, 2015. English did not file his Complaint until February 24, 2015. English has not addressed the statute of limitations issue in his response. Again, it appears that English has not complied with the statute of limitations. However, due to English's *pro se* status, the court will grant English additional time to present evidence showing that he filed his cause of action within the two-year time limit, or that he qualifies for an exception to the limitation. If English cannot present such evidence, the court will be required to dismiss the claims.

Next, Davis argues that English's constitutional claims must be barred as untimely and should also be dismissed for lack of evidentiary support. Because there is no federal statute of limitations for § 1983 actions, courts apply the most appropriate state statute of limitations. The Indiana statute of limitations applicable to § 1983 actions is the two-year period found in Ind.Code § 34–11–2–4. *Campbell v. Chappelow*, 95 F.3d 576, 580 (7th Cir.1996). The statute of

7

limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), cert. denied, 511 U.S. 1085, 114 S.Ct. 1837, 128 L.Ed.2d 465 (1994). "[A] plaintiff can plead himself out of court and is 'out of luck' if he alleges facts that show he is not entitled to a judgment. *Early v. Bankers Life and Casualty Co.*, 959 F.2d 75, 79 (7th Cir.1992) (citations omitted).

In the present case, as noted, English's Complaint was filed late. English's Complaint was not filed until February 24, 2015. English alleges that the relevant events took place on January 31, 2013. Thus his Complaint should have been filed by January 31, 2015. English has not addressed this statute of limitations issue in his Response. However, recognizing that English is a *pro se* prisoner, the court will grant him additional time to respond to the statute of limitations argument. The court cautions English that the statute of limitations is an absolute bar to his claims if he cannot present evidence showing that he filed his case in time. Therefore, English should make every effort to show the court that he filed his Complaint in time, or that he meets some sort of exception to the statute of limitations.

Davis further argues that, in any event, even if English's claims were not time-barred, English's claims that his constitutional rights were violated is not supported by case law or the evidence. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.") *Schertz v. Waupaca County*, 875 F.2d 578, 582 (7th Cir.1989)(holding that the existence of probable cause for arrest is an absolute bar to a Section 1983 claim for unlawful arrest, false imprisonment, or

malicious prosecution).

In the present case, the designated evidence shows the Gary Police, the FBI, Gary Detective Nielsen and Davis arrested English on an active Tippecanoe County arrest warrant for murder. The warrant was issued by Lake County Judge Stefaniak, and there is no evidence that the warrant was recalled or issued improperly. Likewise, there is no evidence that Davis violated English's Fifth Amendment right against self-incrimination or his right to counsel under the Sixth Amendment. Many of the constitutional claims raised by English, particularly claims under the Eighth, Ninth and Tenth Amendment have no basis or applicability. English was provided the opportunity in discovery to provide evidence to support his claims against Davis and declined to do so. Despite Davis' discovery requests, English has not provided any documents or evidence to support his claims.

English's Response Brief is void of any evidence that would support his constitutional claims. In his Response, English attempts to save his constitutional claims by reiterating facts which are not supported by any applicable evidence. English's "Statement of Disputed Factual Issues" contains statements that are not supported by any admissible evidence. Federal Rule 56(c)(1) states that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to specific evidence in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purpose of the motion only), admissions, interrogatory answers, or other material.

Moreover, in considering a motion for summary judgment, the district court is not required to scour the record in search of evidence to defeat the motion; the nonmoving party must identify with reasonable particularity the evidence upon which the party relies. *Hemsworth v.*

*Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). A party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial. *Id.* The evidence relied upon in defending a motion for summary judgment must be competent evidence of a type otherwise admissible at trial. *Id.*

Davis contends that English's evidence is not admissible, which brings the court to Davis' motion to strike. Davis claims that in English's Declaration in opposition to Defendant's Motion for Summary Judgment, English's declarations in paragraphs five, six, seven, and eight are based on hearsay. Additionally, Davis contends that in English's Declaration paragraphs nine, ten, and eleven are conclusory in nature.

Under Federal Rule 56(c)(4), an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. "It is the policy of Rule 56 to allow the affidavit to contain evidentiary matter, which if the affiant were in court and testifying on the witness stand, would be admissible as part of his testimony." *Albiero v. Town of Goodland, Ind.*, No. 4:11-CV-15-JVB, 2012 WL 13699, at *2 (N.D. Ind. Jan. 3, 2012). It is the function of the court, with or without a motion to strike, to review carefully statements of material facts and to eliminate from consideration any argument, conclusions, and assertions that are unsupported by the documented evidence of record offered in support of the statement. *Univ. Healthsystem Consortium v. UnitedHealth Grp., Inc.*, 68 F. Supp. 3d 917, 921 (N.D. Ill. 2014). [A]ny statements or responses that contain legal conclusions or argument, are evasive, contain hearsay or are not based on personal knowledge, are irrelevant, or are not

supported by evidence in the record will not be considered by the court in ruling on Defendant's summary judgment motion. *Id.*

In the present case, English's declarations in paragraphs five, six, seven, and eight are based on hearsay. The declarations involved conversations English had with Tatiana Gant where she allegedly told English that Davis coached and coerced her into offering false testimony and Davis allegedly told her that he did not like English. The declarations also involved conversations in which Prosecutor Monica Rogina allegedly told Robert Varga that if English stopped having conversations with Tatiana Gant, he would be charged with obstruction of justice. Clearly, the declarations offered by English are hearsay within hearsay and are not admissible.

English's declarations in paragraphs nine, ten, and eleven are conclusory in nature. As stated in Federal Rule 56(c)(4), a declaration used to support or oppose a motion must be set out on facts that would be admissible in evidence. Plaintiff's conclusory statements are not supported by any evidence. Thus, the statements are inadmissible and will be stricken because they are not supported by any facts that would be admissible in evidence.

As the record now stands, English has no admissible evidence to support his allegation that Davis acted improperly by coaching and/or coercing Tatiana Gant into offering false testimony. However, in an abundance of caution, the court will grant Davis additional time to come forth with admissible evidence. If English wishes to present the testimony of Tatiana Gant, he must do so directly, by submitting an affidavit or declaration by Gant. He cannot rely on hearsay. Likewise, if English wishes to present the testimony of anyone else, he cannot put that testimony in his own declaration. Rather, he must present an affidavit or declaration from

each of those persons.

Considering English's *pro se* prisoner status, the court deems it best to hold the present motion for summary judgment under advisement, thereby giving English additional time to properly prepare his case now that he has been informed of its inadequacies.

Conclusion

On the basis of the foregoing, Davis' motion for summary judgment [DE 84] is hereby TAKEN UNDER ADVISEMENT. English is granted 60 days from the date of this order to file a supplemental brief and evidence supporting his claims. Davis is granted 30 days from the date of English's supplemental filings to file a supplemental response.

Further, Davis' motion to strike [DE 95] is hereby GRANTED.

Entered: March 10, 2017.

        s/ William C. Lee
        William C. Lee, Judge
        United States District Court